**JAMES R. GREINER, ESQ.**
CALIFORNIA STATE BAR NUMBER 123357
**LAW OFFICES OF JAMES R. GREINER**
555 UNIVERSITY AVENUE, SUITE 290
SACRAMENTO, CALIFORNIA 95825
TELEPHONE:(916) 649-2006
FAX: (916) 920-7951
E MAIL: jaygreiner@midtown.net

ATTORNEY FOR DEFENDANT
DEKANG ZHEN

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CR.-S-07-0025-EJG |
|---|---|---|
| PLAINTIFF, | ) | STIPULATION AND ORDER |
| v. | ) | TO CONTINUE STATUS CONFERENCE TO DECEMBER 14, 2007 |
| WEI JIE MA, et al., | ) | |
| DEFENDANTS. | ) | |

    Plaintiff United States of America, by its counsel, Assistant United States Attorney, Mr. Robert Twiss, and defendant WEI JIE MA, by his attorneys Mr. Stuart D. Hanlon and Ms. Sara Rief, defendant KEVIN TRAN, by his attorney Mr. Hayes H. Gable, defendant MEI KENG LAM, by attorney Mr. Dwight M. Samuel, defendant JASON TUAN HOANG, by his attorney Mr. Michael L. Chastaine, defendant JUN XIONG WANG, by his attorney Mr. Charles F. Bourdon, defendant SIEW YOKE NG, by attorney Mr. Michael B. Bigelow, and defendant DEKANG ZHEN, by his attorney James R. Greiner, hereby stipulate and agree that the status conference calendared for **Friday, October 12, 2007, at 10:00 a.m.** before the Honorable Senior District Court Judge, Edward J. Garcia, may be continued to **Friday, December 14, 2007, at 10:00 a.m.**

1   The background of the case to date is as follows:

2   The criminal complaint against all defendants was filed on January 16, 2007. On
3   that date defendant RUI YEE made a first appearance. (See Docket Entry #1)

4   On January 16, 2007 defendant RUI YEE made an initial appearance on the
5   criminal complaint. (See Docket Entry # 3)

6   An Indictment was returned against all defendants on January 25, 2007. (See
7   Docket Entry #8)

8   On January 30, 2007, defendants RUI YEE and KEVIN TRAN were arraigned
9   on the Indictment. Time was excluded under the Speedy Trial Act under Local Code T-
10  2 (complexity of case) and Title 18 U.S.C. section 3161(h)(8)(B)(ii)and Local Code T-
11  4 and Title 18 U.S.C. section 3161(h)(8)(B)(iv). (See Docket Entry #23)

12  On February 5, 2007, defendant JASON TUAN HOANG was arraigned on the
13  Indictment. (See Docket Entry #27)

14  On February 9, 2007, defendant JUN XIONG WANG was arraigned on the
15  Indictment. Time was excluded under the Speedy Trial Act under Local Code T-4 and
16  Title 18 U.S.C. section 3161(h)(8)(B)(iv). (See Docket Entry # 31)

17  On February 23, 2007, a related case order was signed and filed reassigning the
18  case to the Honorable Senior Judge Edward J. Garcia. (See Docket Entry # 35)

19  On February 23, 2007, defendants DEKANG ZHEN, SIEW YOKE NG and
20  WEI JIE MA, were arraigned on the Indictment. Time was excluded under the Speedy
21  Trial Act under Local Code T-4 and Title 18 U.S.C. section 3161(h)(8)(B)(iv). (See
22  Docket Entry # 38)

23  On March 2, 2007, a status conference was held before the Honorable Senior
24  District Court Judge, Edward J. Garcia, and the case is continued to June 8, 2007.
25  Time was excluded under the Speedy Trial Act under Local Code T-2 (complexity of
26  case) and Title 18 U.S.C. section 3161(h)(8)(B)(ii)and Local Code T-4 and Title 18
27  U.S.C. section 3161(h)(8)(B)(iv). (See Docket Entry #50)

28

2

On June 8, 2007, the Court signed a Stipulation and Order continuing the status conference to September 7, 2007.  Time was excluded under the Speedy Trial Act under Local Code T-4 and Title 18 U.S.C. section 3161(h)(8)(B)(iv). (See Docket Entry #68)

On July 26, 2007, defendant MEI KENG LAM, was arraigned, entered a not guilty plea and demanded a jury trial. (See Docket Entry #75). This is the last defendant in the case and the last defendant to be arraigned. All of the other co-defendants had made their initial appearance on or before February 23, 2007. (See Docket Entries #23 for Yee and Tran; # 27 for Hoang; #31 for Wang; and #38 for Zhen, Ng and Ma).

On September 4, 2007, the Court signed a Stipulation and Order continuing the status conference to October 12, 2007. Time was excluded under the Speedy Trial Act under Local Code T-2 (**complexity of case**) and Title 18 U.S.C. section 3161(h)(8)(B)(ii) and  Local Code T-4 and Title 18 U.S.C. section 3161(h)(8)(B)(iv) (**time for defense counsel preparation**). (See Docket Entry #79)

There has been a separate Stipulation and Order filed to continue one of the defendants in this case to November 30, 2007. (See Docket entries # 80, 81) This is by defendant Rui Yee, filed by attorney Dina Santos. Defendant Rui Yee is on a different time table and different schedule than the rest of the defendants in this case. Thus, the reason that defendant Rui Yee will no longer be filing or appearing with the group of defendants in this case. The government knows of this and agrees to this procedure.

The government has produced additional discovery since the June 8, 2007, Order continuing this case to September 7, 2007.  The additional discovery  is both complex in nature and voluminous in size. There are now over 3,500 pages of documents to be reviewed by counsel with their respective clients. In addition there are over approximately 17 hours of video tape, over 250 photographs on CD dics, that also need to be reviewed and listened to by both counsel and their respective clients. In addition,

3

1  each defense counsel needs this additional time to investigate independently the
2  charges against their respective clients. Finally, there are several other similar cases
3  with multiple defendants that are in the Eastern District that may have an impact on this
4  case that need to be followed by each defense counsel for their respective defendants.
5       In addition, co-defendant LAM has only been in the case since July 26, 2007,
6  (See Docket Entry # 75) some five (5) months after the other seven (7) co-defendants
7  had made their initial appearance. (See Docket Entries # 23, 27, 31 and 38)  Thus,
8  counsel for LAM is some five (5) months behind in the review and investigation of the
9  voluminous material produced by the government.
10      In addition, the government and the defense are in the process of working out a
11 mutually agreeable time for the defense to inspect the items that were seized pursuant
12 to the search warrants and the arrests. This is a large amount of material being stored in
13 three (3) different locations (Sacramento, the Stockton area and in the San Burno area).
14 The parties are working in good faith to schedule such inspections in the three (3)
15 different locations  and this reasonable continuance will allow this procedure to go
16 forward. This has proved to be a more challenging task than first believed due to the
17 number of storage facilities, the amount of material to inspect, the number of federal
18 agents required to be involved in the various inspections and the coordination of seven
19 (7) defense attorneys with the government agents calendars. This is a high priority to
20 the defense and we are now in the process of coordinating dates and times for the
21 various locations to be inspected. This additional time will allow this process to go
22 forward.
23      In addition, the interests of both the government and the defendants in having
24 these items inspected is reasonably necessary in the moving of the case forward to
25 allow the defense to carry on meaningful discussion with each defendant what physical
26 evidence the government has in this case.  The government and the defense all agree
27 that the interests are justice are best served in this particular case by this continuance to
28

1  allow this inspection of government evidence to go forward.

2  Finally, the reasonable continuance will allow the government and the defense to
3  continue discussions in a good faith manner in a good faith attempt to resolve this case
4  short of trial. These on going discussions are complicated due to the complexity of the
5  case, the complexity of the advisory United States Sentencing Guidelines and the
6  individual defendants criminal history. This reasonable continuance will allow these
7  discussions to continue in a good faith effort at resolving this matter short of trial while
8  allowing the parties to research the complex advisory United States Sentencing
9  Guidelines.

10  The parties stipulate and agree that time under the Speedy Trial Act shall
11  continue be excluded **up to and including Friday, December 14, 2007, under** the
12  Speedy Trial Act under Local Code T-2 (**complexity of case**) and Title 18 U.S.C.
13  section 3161(h)(8)(B)(ii)and Local Code T-4 (**time for defense counsel preparation**)
14  and Title 18 U.S.C. section 3161(h)(8)(B)(iv).

15  The Court's courtroom deputy was called to clear the date requested and the
16  date is available on the Court's calendar.

17  ///

18  Respectfully submitted,

19  McGREGOR W. SCOTT
    UNITED STATES ATTORNEY
20
    /s/ ROBERT TWISS by telephone authorization
21
    DATED: 10-11-07   _____
22  ROBERT TWISS
    ASSISTANT UNITED STATES ATTORNEY
23  ATTORNEYS FOR THE PLAINTIFF

24  DATED: 10-11-07
    /S/ STUART D. HANLON by e mail authorization
25  _____
    STUART D. HANLON
26  SARA RIEF
    ATTORNEY FOR DEFENDANT MA
27

28
                                  5

DATED: 10-11-07    /s/ HAYES H. GABLE by e mail authorization
_____
HAYES H. GABLE
ATTORNEY FOR DEFENDANT TRAN

DATED 10-11-07    /s/ DWIGHT M. SAMUEL by telephone authorization
_____
DWIGHT M. SAMUEL
ATTORNEY FOR DEFENDANT LAM

DATED: 10-11-07    /s/ MICHAEL L. CHASTAINE by e mail authorization
_____
MICHAEL L. CHASTAINE
ATTORNEY FOR DEFENDANT HOANG

DATED: 10-11-07    /s/ CHARLES F. BOURDON  by telephone authorization
_____
CHARLES F. BOURDON
ATTORNEY FOR DEFENDANT WANG

DATED: 10-11-07    /s/ MICHALE B. BIGELOW by e mail authorization
_____
MICHAEL B. BIGELOW
ATTORNEY FOR DEFENDANT NG

DATED: 10-11-07    /s/ JAMES R. GREINER
_____
JAMES R. GREINER
ATTORNEY FOR DEFENDANT ZHEN

**ORDER**

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: October 11, 2007.

/s/ Edward J. Garcia
Honorable Edward J. Garcia
United States District Court

6